

1   BENJAMIN B. WAGNER
    United States Attorney
2   PATRICK R. DELAHUNTY                     JUL 3 1 2015
    KIRK E. SHERRIFF
3   Assistant U.S. Attorneys              CLERK U.S. DISTRICT COURT
    2500 Tulare Street, Suite 4401        EASTERN DISTRICT OF CALIFORNIA
4   Fresno, California 93721              BY_____ DEPUTY CLERK
    Telephone: (559) 497-4000
5   Facsimile: (559) 497-4099

6   Attorneys for the
    United States of America
7

8
                    IN THE UNITED STATES DISTRICT COURT
9
                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11
    UNITED STATES OF AMERICA,        Case No.    1: 15 CR  00212 AWI
12
              Plaintiff,             MEMORANDUM OF PLEA AGREEMENT
13                                   PURSUANT TO RULE 11(c) OF THE
         v.                          FEDERAL RULES OF CRIMINAL
14                                   PROCEDURE
    PAUL S. SINGH,
15
              Defendant.
16

17       Pursuant to Rule 11(c) of the Federal Rules of Criminal

18  Procedure, the United States of America, by and through Benjamin

19  B. Wagner, the United States Attorney for the Eastern District of

20  California, and Assistant United States Attorneys Patrick R.

21  Delahunty and Kirk E. Sherriff, and Defendant, Paul S. Singh, and

22  his attorney, Benjamin Gluck, have agreed as follows:

23       This document contains the complete Memorandum of Plea

24  Agreement ("Plea Agreement") between the United States Attorney's

25  Office for the Eastern District of California ("Government") and

26  defendant Paul S. Singh regarding this case. This Plea Agreement

27  is limited to the United States Attorney's Office for the Eastern

28  District of California and cannot bind any other federal, state,

                                1

or local prosecuting, administrative, or regulatory authorities.

    1.   Charges.

The defendant acknowledges that he is charged in an information as follows:

Count 1: Mail Fraud, in violation of Title 18, United States Code, Section 1341.

And, the defendant acknowledges that the information includes a criminal forfeiture allegation pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(4), 982(a)(7), and Title 28, United States Code, Section U.S.C. § 2461(c).

    2.   Nature, Elements and Possible Defenses.

The defendant has read the charges against him contained in the information and has had that charge fully explained to him by his attorney. Further, the defendant fully understands the nature and elements of the crime in the information to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

The elements of the crime of Mail Fraud are:

First,    the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second,    the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third,    the defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and

Fourth,    the defendant used, or caused to be

1          used, the mails to carry out or attempt
           to carry out an essential part of the
2          scheme.

3      3.   Agreements by the Defendant.

4      (a)   Defendant agrees that this plea agreement shall be

5  filed with the court and become a part of the record of the case.

6      (b)   Defendant agrees that, at or before the entry of plea

7  proceeding, he will sign a written waiver of prosecution by

8  indictment and will consent to proceed by information rather than

9  indictment.  Further, the defendant has reviewed the information

10 in this case and fully understands the charge contained therein.

11     (c)   Defendant agrees to enter a plea of guilty to Count 1

12 of the information, which charges him with Mail Fraud, in

13 violation of Title 18, United States Code, Section 1341, because

14 he is guilty of that charge.

15     (d)   Defendant understands and agrees that he will not be

16 allowed to withdraw his plea should the Court fail to follow the

17 government's sentencing recommendations.

18     (d)   Defendant knowingly and voluntarily waives his

19 Constitutional and statutory rights to appeal his plea,

20 conviction, restitution imposed, forfeiture order and sentence.

21 This waiver of appeal includes, but is not limited to, an express

22 waiver of defendant's right to appeal his plea, conviction,

23 restitution imposed, forfeiture order and sentence on any ground,

24 including any appeal right conferred by 18 U.S.C. § 3742, and

25 defendant further agrees not to contest his plea, conviction,

26 restitution imposed, forfeiture order and sentence in any post-

27 conviction proceeding, including but not limited to a proceeding

28 under 28 U.S.C. § 2255, except for non-waivable claims.

1    (e)   Defendant further acknowledges that his plea of guilty
2  is voluntary and that no force, threats, promises or
3  representations have been made to anybody, nor agreement reached,
4  other than those set forth expressly in this agreement, to induce
5  the defendant to plead guilty.

6    (f)   Defendant agrees that his base offense level for Mail
7  Fraud is seven (7) pursuant to Section 2B1.1(a)(1) of the United
8  States Sentencing Commission Guidelines Manual ("Sentencing
9  Guidelines"); plus the applicable loss guideline level under
10  § 2B1.1(b)(1) due to the actual loss of approximately $47,000
11  caused by defendant's conduct and the defendant's knowing
12  submission of false claims seeking at least $80,000 from health
13  care benefit programs; plus two (2) levels because the offense
14  involved 10 or more victims (§ 2B1.1(b)(2)(A)), plus two (2)
15  levels because the offense involved the conscious or reckless
16  risk of death or serious bodily injury (§ 2B1.1(b)(15)(A)); and,
17  plus two (2) levels for abuse of a position of trust and use of a
18  special skill (§ 3B1.3).

19    (g) Defendant agrees not to move for any downward
20  adjustments in his offense level under Chapters Two, Three, Four
21  and/or Five of the Sentencing Guidelines, except as specifically
22  provided below.  The defendant understands and agrees that this
23  agreement by him includes, without limitation, not moving for a
24  downward departure of his offense level, criminal history
25  category or criminal history points as defined by the Sentencing
26  Guidelines, with these exceptions: (1) to the extent that the
27  2015 U.S. Sentencing Guidelines provide for a different sentence
28  than the 2014 Guidelines, the defendant reserves the right to

4

1    argue under Section 3553(a) that he should be sentenced
2    consistent with the 2015 Guidelines; and, (2) the defendant
3    reserves the right to argue for a downward departure of not more
4    than a total of two (2) levels under, cumulatively and combined,
5    Sentencing Guidelines Sections 5H1.3 and 5H1.6.  The defendant
6    retains the right to move for a downward variance of his sentence
7    under the factors set forth in 18 U.S.C. § 3553.  The defendant
8    acknowledges that, if the defendant requests or suggests in any
9    manner a different sentence than what is called for under this
10   agreement, the Government, at its sole discretion, may withdraw
11   from this Plea Agreement and continue with its prosecution of the
12   defendant as if the parties had not entered into this Plea
13   Agreement.

14        (h)   Defendant understands that the Court must consult the
15   Sentencing Guidelines (as promulgated by the Sentencing
16   Commission pursuant to the Sentencing Reform Act of 1984, 18
17   U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by
18   United States v. Booker and United States v. Fanfan, 543 U.S. 220
19   (2005)), and must take them into account when determining a final
20   sentence.  Defendant understands that the Court will determine a
21   non-binding and advisory guideline sentencing range for this case
22   pursuant to the Sentencing Guidelines.  Defendant further
23   understands that the Court will consider whether there is a basis
24   for departure from the guideline sentencing range (either above
25   or below the guideline sentencing range) because there exists an
26   aggravating or mitigating circumstance of a kind, or to a degree,
27   not adequately taken into consideration by the Sentencing
28   Commission in formulating the Guidelines.  Defendant further

1    understands that the Court, after consultation and consideration
2    of the Sentencing Guidelines, must impose a sentence that is
3    reasonable in light of the factors set forth in 18 U.S.C.
4    § 3553(a).

5        (i)   Defendant agrees to waive all rights under the "Hyde
6    Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover
7    attorneys' fees or other litigation expenses in connection with
8    the investigation and prosecution of all charges in the above-
9    captioned matter and of any related allegations (including
10   without limitation any charges to be dismissed pursuant to this
11   Agreement and any charges previously dismissed).

12       (j)   Defendant agrees the conduct to which he is pleading
13   requires mandatory restitution pursuant to Section
14   3663A(c)(1)(A)(ii) of Title 18, United States Code, and agrees to
15   pay restitution to in an amount to be determined by the court.
16   The defendant agrees that he owes restitution of not less than
17   $47,457.

18       (k)   Defendant agrees to make a full and complete disclosure
19   of defendant's assets and financial condition, and will complete
20   the United States Attorney's Office's "Authorization to Release
21   Information" and "Financial Affidavit" within five (5) weeks from
22   the entry of the defendant's change of plea.  The defendant also
23   agrees to have the court enter an order to that effect.  The
24   defendant understands that this plea agreement is voidable by the
25   government if the defendant fails to complete and provide the
26   described documentation to the United States Attorney's office
27   within the allotted time.

28       (l)   Defendant agrees to forfeit to the United States

1 | voluntarily and immediately all right, title, and interest to any
2 | and all assets seized pursuant to Title 18, United States Code,
3 | Sections 981(a)(1)(C), 982(a)(4), 982(a)(7), Title 28, United
4 | States Code, Section U.S.C. § 2461(c), and Fed. R. Crim. P.
5 | 32.2(b)(1). This also includes a personal forfeiture money
6 | judgment in the full amount of restitution as ordered by the
7 | court. Further, the defendant agrees that such an amount is a
8 | reasonable reflection of the amount that the defendant obtained
9 | directly or indirectly, as the result of the underlying criminal
10 | scheme and the violations of Title 18, United States Code,
11 | Sections 981(a)(1)(C), 982(a)(4), 982(a)(7), and Title 28, United
12 | States Code, Section U.S.C. § 2461(c). As part of the imposition
13 | of the personal forfeiture money judgment, the defendant agrees
14 | to provide this Office with signed waivers related to federal and
15 | state income tax returns, and a waiver of the Right to Financial
16 | Privacy Act, which includes, but is not limited to, any credit
17 | records, communication records, DMV records, educational records,
18 | employment records, military records, business records, and
19 | credit reports maintained by any consumer credit reporting
20 | entity, until such time as the money judgment is satisfied. In
21 | this regard, the Defendant agrees to complete and sign a copy of
22 | IRS Form 8821 (relating to the voluntary disclosure of federal
23 | tax return information), whatever financial information
24 | disclosure form which may be required by an agency, as well as
25 | this Office's Right to Financial Privacy Act Waiver &
26 | Authorization to Release Information form.
27 | Defendant agrees to fully assist the government in the
28 | forfeiture of any seized assets or assets later determined to be

1  forfeitable and to take whatever steps are necessary to pass
2  clear title to the United States.  Defendant shall not sell,
3  transfer, convey, or otherwise dispose of any assets found to be
4  connected to the criminal events charged in the information.

5      Defendant agrees not to file a claim to any of the seized
6  property in any criminal proceeding or civil proceeding,
7  administrative or judicial, which is or may be initiated.
8  Defendant agrees to waive right to notice of any forfeiture
9  proceeding involving such property, and agrees to not file a
10  claim or assist others in filing a claim in such a proceeding.

11      The defendant waives the notice provisions of Fed. R. Crim.
12  P. 7(c) and 32.2(a), waives oral pronouncement of forfeiture at
13  the time of sentencing and any defects in such pronouncement that
14  pertain to forfeiture, and waives any defenses to forfeiture,
15  including any defense predicated on the Ex Post Facto, Double
16  Jeopardy, and Excessive Fines Clauses of the United States
17  Constitution.  The defendant knowingly and voluntarily waives any
18  right to jury trial in any criminal or civil forfeiture
19  proceeding.

20      (m)  If the defendant's conviction on the count to which he
21  is pleading is ever vacated at the defendant's request, or his
22  sentence is ever reduced at his request, the government shall
23  have the right to prosecute the defendant on the count to which
24  he pleaded guilty and file any new charges that would otherwise
25  be barred by this Plea Agreement.  The decision to pursue any or
26  all of these options is solely in the discretion of the United
27  States Attorney's Office.  By signing this agreement, the
28  defendant agrees to waive any objections, motions, and defenses

8

1   he might have to the government's decision, including Double

2   Jeopardy. In particular, he agrees not to raise any objections

3   based on the passage of time with respect to such counts

4   including, without limitation, any statutes of limitation or any

5   objections based on the Speedy Trial Act or the Speedy Trial

6   Clause of the Sixth Amendment.

7        If it is determined that the defendant has violated any

8   provision of this Plea Agreement or if the defendant successfully

9   moves to withdraw his plea: (1) all statements made by the

10  defendant to the government or other designated law enforcement

11  agents, or any testimony given by the defendant before a grand

12  jury or other tribunal, whether before or after his Plea

13  Agreement, shall be admissible in evidence in any criminal,

14  civil, or administrative proceedings hereafter brought against

15  the defendant; and (2) the defendant shall assert no claim under

16  the United States Constitution, any statute, the Federal Rules of

17  Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or

18  any other federal rule, that statements made by the defendant

19  before or after this Plea Agreement, or any leads derived

20  therefrom, should be suppressed.  By signing this Plea Agreement,

21  the defendant waives any and all rights in the foregoing

22  respects.

23       (n)   Defendant recognizes that pleading guilty may have

24  consequences with respect to his immigration status if he is not

25  a citizen of the United States.  The defendant's plea to the

26  violation herein may subject him to automatic deportation and

27  removal from the United States.  See 8 U.S.C. § 1227(a)(1), et

28  seq.  Defendant affirms that he has been advised of the

9

1   immigration consequences of pleading guilty and wants to plead
2   guilty regardless of any immigration consequences that may result
3   from his plea, even if such consequence includes his automatic
4   deportation and removal from the United States after completing
5   any sentence of incarceration due to his plea.

6       4.   Agreements by the Government.

7       (a)   The government agrees to recommend a two-level
8   reduction (if the offense level is less than 16) or a three-level
9   reduction (if the offense level reaches 16) in the computation of
10  the defendant's offense level if the defendant clearly
11  demonstrates acceptance of responsibility for his conduct as
12  defined in Section 3E1.1 of the Sentencing Guidelines.

13      (b)   The government agrees that the defendant's base offense
14  level for Mail Fraud is seven (7) pursuant to Section 2B1.1(a)(1)
15  of the United States Sentencing Commission Guidelines Manual
16  ("Sentencing Guidelines"); plus the applicable loss guideline
17  level under  § 2B1.1(b)(1) due to the actual loss of
18  approximately $47,000 caused by defendant's conduct and the
19  defendant's knowing submission of false claims seeking at least
20  $80,000 from health care benefit programs; plus two (2) levels
21  because the offense involved 10 or more victims
22  (§ 2B1.1(b)(2)(A)), plus two (2) levels because the offense
23  involved the conscious or reckless risk of death or serious
24  bodily injury (§ 2B1.1(b)(15)(A)); and, plus two (2) levels for
25  abuse of a position of trust and use of a special skill
26  (§ 3B1.3).

27      (c)   The government agrees to recommend that the defendant
28  be sentenced at the low-end of the applicable guideline range and

10

sentenced to imprisonment for half of the defendant's guideline

term, with a term of supervised release which includes the

remainder of the guideline term served in home detention, to be

paid by the defendant.

(d)   The defendant acknowledges and understands that the

government makes no other representations to him regarding fines,

whether any other specific offense characteristics apply to his

conduct, his criminal history or criminal history points under

Chapter Four, or whether additional enhancements or reductions

under Chapter Three or Five of the Sentencing Guidelines apply,

and defendant understands that the government is free to comment

and to make recommendations to the court and the probation office

regarding those matters.

5.   Factual Basis.

Defendant will plead guilty because he is in fact guilty of

the crime set forth in Count 1 of the information.  Defendant

also agrees that the following are the facts of this case,

although he acknowledges that, as to other facts, the parties may

disagree:

Beginning no later than on or about May 2008, and
continuing to at least on or about June 2012, within the
State and Eastern District of California and elsewhere,
defendant PAUL S. SINGH devised and intended to devise a
scheme and artifice to defraud health care benefit
programs, patients, and others, of money and property, and
obtained money and property from health care benefit
programs, patients, and others, by means of materially
false and fraudulent pretenses, representations, and
promises.

During the above-described time period, the defendant was
the President and Secretary of Paul S. Singh, DO, Inc.,
and as a doctor, provided obstetric and gynecological
services to women, including providing forms of birth
control.

One form of birth control provided to patients by defendant SINGH was intrauterine devices ("IUDs"). IUDs are regulated by the Food and Drug Administration ("FDA"), an agency within the United States Department of Health and Human Services. The FDA has approved only one IUD that uses copper as its active ingredient, the ParaGard T-380A. It was sold only by its manufacturer, and was not available on third-party websites.

The insertion of a non-FDA approved copper IUD risks a patient's health and safety. Defendant SINGH knew of this risk, and he knew that inserting a non-FDA approved copper IUD was prohibited by the FDA. Notwithstanding that, defendant SINGH knowingly obtained non-FDA approved copper IUDs by purchasing them on the internet and knowingly inserted them in his patients. Defendant SINGH failed to inform his patients that he had inserted a non-FDA approved copper IUD, and none of his patients consented to the insertion of one.

Multiple patients of defendant SINGH complained to him of discomfort and complications they associated with the non-FDA approved copper IUD that defendant SINGH inserted in them. In response to some of those patients' complaints, defendant SINGH attempted to re-insert a patient's non-FDA approved copper IUD. Regarding one such patient, defendant SINGH not only re-inserted the non-FDA approved copper IUD after the patient complained, but ultimately inserted a second non-FDA approved IUD in her after the patient continued to visit and complain about discomfort she associated with the first IUD inserted by SINGH.

Defendant SINGH billed at least 10 different heath care benefit programs for payment for the insertion of non-FDA approved copper IUDs in his patients. In submitting such claims, defendant SINGH knowingly misrepresented the type of IUD he had inserted, representing that he inserted an FDA-approved copper IUD when in fact he had not. The health care benefit programs billed by defendant SINGH would not have paid defendant SINGH's claims had they known that defendant SINGH had inserted non-FDA approved copper IUDs. SINGH's criminal offense involved more than 10 victims.

On or about the date set forth below, in the State and Eastern District of California and elsewhere, in furtherance of the scheme and artifice to defraud described above, the defendant, with the intent to defraud, caused the United States mails to be used as follows to carry out or attempt to carry out an essential part of the scheme:

Count 1: On or about September 22, 2010, Tri-Care sent to Paul S. Singh DO Inc., PO Box 2240, Tehachapi, California 93581, via the United States Postal Service, check #G0003451144 in the amount of $783.79 as payment on a

1  fraudulent claim submitted by defendant SINGH that related to patient N.K.

2  At all relevant times, in carrying out these actions, the
3  defendant acted with the intent to defraud.  As a result
   of the defendant's conduct, the defendant made false
   claims of over $83,000 to health care benefit programs,
4  his patients, and others, and received payments of at
5  least $47,000 on such false claims.

6.  Potential Sentence.
6
   The following is the maximum potential sentence which
7
   defendant faces as to Count One:
8
        • Count 1: Mail Fraud
9
   (a)  Imprisonment.
10       Maximum:  Twenty (20) years.

11  (b)  Fine.
12
        Maximum:  Two hundred fifty thousand dollars
13      ($250,000.00).

14  (c)  Both such fine and imprisonment.

15  (d)  Restitution - Mandatory

16  (e)  Term of Supervised Release:

17       Maximum:  Three (3) years.

18       (Should the defendant violate any of the terms of his
         supervised release, he can be returned to prison for
19       the period of supervised release actually imposed by
         the Court or two (2) years, whichever is less.)
20
   (f)  Penalty Assessment.
21
        Mandatory: One Hundred dollars ($100.00).
22
   7.  Waiver of Rights.
23
   Defendant understands that by pleading guilty he surrenders
24
   certain rights, including the following:
25
   (a)  If defendant persisted in a plea of not guilty to the
26
   charge against him, he would have the right to be represented by
27
   an attorney at all stages of the proceedings, and would have a
28

13

1    right to a public and speedy trial.  The trial could be either a
2    jury trial or a trial by a judge sitting without a jury.
3    Defendant has a right to a jury trial.  However, in order that
4    the trial be conducted by the judge sitting without a jury,
5    defendant, the government and the judge all must agree that the
6    trial be conducted by the judge without a jury.

7         (b)  If the trial were a jury trial, the jury would be
8    composed of twelve lay persons selected at random.  Defendant and
9    his attorney would have a say in who the jurors would be by
10   removing prospective jurors for cause where actual bias or other
11   disqualification is shown, or without cause by exercising
12   peremptory challenges.  The jury would have to agree unanimously
13   before it could return a verdict of either guilty or not guilty.
14   The jury would be instructed that defendant is presumed innocent
15   and that it could not convict him unless, after hearing all the
16   evidence, it was persuaded of his guilt beyond a reasonable
17   doubt.

18        (c)  If the trial were held before a judge without a jury,
19   the judge would find the facts and determine, after hearing all
20   the evidence, whether or not he was persuaded of the defendant's
21   guilt beyond a reasonable doubt.

22        (d)  At a trial, whether by a jury or a judge, the
23   government would be required to present its witnesses and other
24   evidence against defendant.  Defendant would be able to confront
25   those government witnesses and his attorney would be able to
26   cross-examine them.  In turn, defendant could present witnesses
27   and other evidence on his own behalf.  If the witnesses for
28   defendant would not appear voluntarily, he could require their

14

1 │ attendance through the subpoena power of the Court.  At trial,
2 │ the defendant would also have the right to assistance of legal
3 │ counsel.  If he could not afford legal counsel, one would be
4 │ appointed for him by the court at no expense to him.

5 │     (e)  At a trial, defendant would have a privilege against
6 │ self-incrimination so that he could decline to testify, and no
7 │ inference of guilt could be drawn from this refusal to testify.

8 │     Defendant understands that by pleading guilty he is waiving
9 │ all of the rights set forth above and defendant's attorney has
10 │ explained those rights to him and the consequences of his waiver
11 │ of those rights.

12 │     8.    Questions by Court.

13 │     Defendant understands that if the court questions him under
14 │ oath, on the record and in the presence of counsel, about the
15 │ offenses to which he has pleaded guilty, his answers, if false,
16 │ may later be used against him in a prosecution for perjury.

17 │     9.    Entire Agreement.

18 │     This plea of guilty is freely and voluntarily made and not
19 │ the result of force or threats or of promises apart from those
20 │ set forth in this plea agreement.  There have been no
21 │ representations or promises from anyone as to what sentence this
22 │ Court will impose.

23 │     10.  Court not a Party.

24 │     It is understood by the parties that the sentencing court is
25 │ neither a party to nor bound by this agreement and the sentencing
26 │ judge is free to impose the maximum penalties as set forth in
27 │ paragraph 6.  Further, in making its sentencing decision, the
28 │ Court may take into consideration any and all facts and

15

1  circumstances concerning the criminal activities of defendant,

2  including activities which may not have been charged in the

3  information.

4      11.  Presence Report

5      Defendant understands that the United States Probation

6  Office is not a party to this agreement and will conduct an

7  independent investigation of defendant's activities and his

8  background.  It will then prepare a presentence report which it

9  will submit to the Court as its independent sentencing

10 recommendation.  In addition, the government will fully apprise

11 the Probation Office, as well as the Court, of the full and true

12 nature, scope and extent of the defendant's criminal activities,

13 including information on his background and criminal history.

14

15

16 Dated:                          BENJAMIN B. WAGNER
                                   United States Attorney
17
                            By:    _____
18                                 PATRICK R. DELAHUNTY
                                   KIRK E. SHERRIFF
19                                 Assistant U.S. Attorneys

20

21 Dated: 7/28/15                  _____
                                   PAUL S. SINGH
22                                 Defendant

23

24 Dated:                          _____
                                   BENJAMIN GLUCK
25                                 Attorney for Defendant
                                   Paul S. Singh
26

27

28

1  circumstances concerning the criminal activities of defendant,
2  including activities which may not have been charged in the
3  information.

4       11.  Presentence Report.

5       Defendant understands that the United States Probation
6  Office is not a party to this agreement and will conduct an
7  independent investigation of defendant's activities and his
8  background.  It will then prepare a presentence report which it
9  will submit to the Court as its independent sentencing
10 recommendation.  In addition, the government will fully apprise
11 the Probation Office, as well as the Court, of the full and true
12 nature, scope and extent of the defendant's criminal activities,
13 including information on his background and criminal history.

14

15

16 Dated:                              BENJAMIN B. WAGNER
                                      United States Attorney
17
                               By:  _____
18                                    PATRICK R. DELAHUNTY
                                      KIRK E. SHERRIFF
19                                    Assistant U.S. Attorneys
20
21 Dated:                         _____
                                     PAUL S. SINGH
22                                   Defendant
23
24 Dated:  7/29/15
                                   _____
25                                   BENJAMIN GLUCK
                                     Attorney for Defendant
26                                   Paul S. Singh
27
28

                              16

1   circumstances concerning the criminal activities of defendant,

2   including activities which may not have been charged in the

3   information.

4      11.  Presentence Report.

5      Defendant understands that the United States Probation

6   Office is not a party to this agreement and will conduct an

7   independent investigation of defendant's activities and his

8   background.  It will then prepare a presentence report which it

9   will submit to the Court as its independent sentencing

10  recommendation.  In addition, the government will fully apprise

11  the Probation Office, as well as the Court, of the full and true

12  nature, scope and extent of the defendant's criminal activities,

13  including information on his background and criminal history.

Dated:  7/31/15

BENJAMIN B. WAGNER
United States Attorney

By:

PATRICK R. DELAHUNTY
KIRK E. SHERRIFF
Assistant U.S. Attorneys

Dated:

_____
PAUL S. SINGH
Defendant

Dated:

_____
BENJAMIN GLUCK
Attorney for Defendant
Paul S. Singh