1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

9
10

**UNITED STATES OF AMERICA,**                1:15-cr-00212-AWI

                 Plaintiff,          **ORDER REGARDING**
11
     v.                                **RESTITUTION AWARD**
12

**PAUL S. SINGH,**
13

          Defendants.
14 _____/

15                            **I. Introduction**

16      Defendant Paul S. Singh was a licensed medical doctor who provided obstetric and

17 gynecological services to women. Beginning no later than May of 2008 and continuing to at least

18 June of 2012, Defendant Singh engaged in a practice of purchasing and providing to at least 120

19 patients non-Food and Drug Administration ("FDA") approved copper intrauterine devices

20 ("IUDs"). Defendant Singh represented to his patients and the insurance companies he billed that

21 the IUDs were FDA approved. Defendant Singh acknowledged that he understood at the outset

22 of his scheme that the practice of using non-FDA approved copper IUDs risk the patient's health

23 and safety and is prohibited by the FDA. Defendant Singh has been sentenced to a term of

24 imprisonment for his conduct. Now the Court must determine the appropriate restitution amount

25 to compensate the victims of Defendant Singh's unlawful scheme. The United States—in

26 consultation with many of the victims—and the Defendant have submitted briefing on this matter

27 and have both waived oral argument.

28

The information contained in the parties' briefings, the victim impact statements, and the presentence investigation report, are not sufficient for the Court to determine an appropriate restitution amount by a preponderance of the evidence. The United States will be directed to submit additional briefing to demonstrate the amount of loss sustained by the victims.

## II. Legal Standard

The Mandatory Victims Restitution Act ("MVRA") requires restitution to identifiable victims of fraud who have suffered a physical injury or pecuniary loss. 18 U.S.C. §§ 3663A(a)(1), (c)(1)(A)-(B). The goal of restitution is to make the victim whole. *United States v. Beecroft*, --- F.3d ----, 2016 WL 3240304, *3 (9th Cir. June 13, 2016). As a result, "any award is limited to the victim's actual losses." *Beecroft*, 2016 WL 3240304 at *3 (citation and internal quotation marks omitted).  Specifically, the MVRA requires a defendant to pay restitution to victims who suffered bodily injury in an amount: "equal to the cost of necessary medical … services and devices relating to physical, psychiatric, and psychological care…, [and] reimburse … victim[s] for the income lost by such victim as a result of such offense." 18 U.S.C. § 3663A(b)(2). The MVRA creates an exhaustive list of categories of injury for which district court may award restitution. *United States v. Hicks*, 997 F.2d 594, 601 (9th Cir. 1993) ("[A] court may only award restitution for the categories enumerated in section 3663.")

Factual determinations regarding a restitution order must be supported by a preponderance of the evidence. 18 U.S.C. § 3664(e); *In re Her Majesty the Queen in Right of Canada*, 785 F.3d 1273, 1276 (9th Cir. 2015) (citation omitted). "The burden of demonstrating the amount of the loss sustained by … victim[s] as a result of the offense shall be on the attorney for the Government." 18 U.S.C. § 3664(e).

## III. Discussion

Defendant acknowledges—as his plea agreement compels him to do—that he owes mandatory restitution in an amount not less than $47,457.00. *See* Doc. 2 at ¶ 3(j). That minimum amount is established.

The United States' briefing outlines two categories of victims in this action: victims who submitted documentation to support their injuries and victims who did not submit documentation

for their injuries. *See* Doc. 41. Of the victims that submitted documentation of their injuries, seven were patients and three were insurance companies. As outlined by the United States, the total documented amount of those injuries is $37,443.35.

Twenty-one additional identified victims detailed their experiences with the unapproved IUDs and the injuries they suffered as a result but were either unable to provide documentation to substantiate their losses or are otherwise unable to ascertain the amount of damage because they continue to suffer injuries from the unapproved IUDs. Many of the victims focused on the very real problem of valuing the traumatic and irreversible injuries that they suffered. For instance, the victim impact statements recount multiple unintended pregnancies, ectopic pregnancies, miscarriages, sterility, infections, severe bleeding, pain, and removal and reinsertion procedures. Additionally, as a result of discovering that they had been defrauded by a doctor and suffering the numerous complications resulting from the non-FDA approved IUDs, many of the victims reported an inability to work, depression, anxiety, and other general mental health related ailments. Those injuries likely necessitate "medical and related professional services … relating to physical, psychiatric, and psychological care." 18 U.S.C. 3663A(b)(2)(A). The impact on the victims is pronounced.

However, the permissible scope of restitution does not include all of the types of injury identified; restitution—unlike civil damages—cannot include intangible harms like pain and suffering or emotional distress. *See United State v. Fu Sheng Kuo*, 620 F.3d 1158, 1166 (9th Cir. 2010) ("The victims … may choose to sue Defendants civilly for damages, including but not limited to damages to help compensate them for their extreme pain and suffering."); *United States v. Vasquez*, 2012 WL 3011010, *1 n.1 (D. Or. June 20, 2012). The restitution imposed must reflect the "actual loss" to the victims. *United State v. Fu Sheng Kuo*, 620 F.3d 1158, 1164 (9th Cir. 2010) (citation omitted); *see United States v. Cetin*, 2016 WL 899146, *2 (N.D. Cal. Mar, 9, 2016) (ordering restitution pursuant to the MVRA for a victim's medical treatment and missed work).

Rather than attempting to set forth the actual loss that each of the at least 120 victims has suffered, the attorney for the United States has simply noted that many of the victims have either

not identified a specific dollar amount or have not identified the basis for the dollar amount identified. Defendant correctly notes that the United States has not presented the evidence necessary for the Court determine, by a preponderance of the evidence, the dollar value appropriate for the clear injuries suffered by the victims. Rather than simply awarding the stipulated $47,457.00 amount, as the Defendant suggests, the Court will afford the United States an opportunity uphold its burden to "demonstrat[e] the amount of loss sustained by [the] victims…." 18 U.S.C. § 3664(e). In this way, the Court avoids the unjust result of awarding a clearly insufficient restitution award.

Within 30 days of the date of this order, the United States must file (1) an amended memorandum regarding restitution, (2) a status update informing the Court of its efforts in ascertaining an appropriate restitution amount, or (3) notice of its intent not to submit further briefing and evidence supporting an award of restitution to the victims.

IT IS SO ORDERED.

Dated:   June 20, 2016   _____

SENIOR  DISTRICT  JUDGE