IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:15-cr-00212-AWI |
| Plaintiff, | **ORDER IMPOSING** |
| v. | **RESTITUTION AWARD** |
| PAUL S. SINGH, | |
| Defendant. | |

Defendant Paul S. Singh is a former medical doctor who was convicted of fraud in relation to his scheme insertion of over 120 non-Food and Drug Administration ("FDA") approved copper intrauterine devices ("IUDs") while reporting to his patients and their insurance companies that the IUDs were FDA approved. On June 8, 2016 the United States submitted briefing on restitution and evidence detailing the victim statements that it received. On June 20, 2016, this Court found that the United States had not shown, by a preponderance of the evidence, the dollar value appropriate to make restitution to the vast majority of the victims. Doc. 49. This Court ordered the United States to submit a supplemental memorandum providing additional detail, a status update informing the Court of its efforts in ascertaining an appropriate restitution amount, or notice of its intent to not to submit further briefing and evidence supporting an award of restitution to the victims. The United States has submitted additional briefing detailing its investigation into the victims' injuries and amending the total amount sought in restitution based on two additional victim impact statements received. Defendant has filed a response.

1

For the following reasons, a restitution award will be entered in the total amount of $66,799.92.

## I. Legal Standard

The Mandatory Victims Restitution Act ("MVRA") requires restitution to identifiable victims of fraud who have suffered a physical injury or pecuniary loss. 18 U.S.C. §§ 3663A(a)(1), (c)(1)(A)-(B). The goal of restitution is to make the victim whole. *United States v. Beecroft*, --- F.3d ----, 2016 WL 3240304, *3 (9th Cir. June 13, 2016). As a result, "any award is limited to the victim's actual losses." *Beecroft*, 2016 WL 3240304 at *3 (citation and internal quotation marks omitted).  Specifically, the MVRA requires a defendant to pay restitution to victims who suffered bodily injury in an amount: "equal to the cost of necessary medical … services and devices relating to physical, psychiatric, and psychological care…, [and] reimburse … victim[s] for the income lost by such victim as a result of such offense." 18 U.S.C. § 3663A(b)(2). The MVRA creates an exhaustive list of categories of injury for which district court may award restitution. *United States v. Hicks*, 997 F.2d 594, 601 (9th Cir. 1993) ("[A] court may only award restitution for the categories enumerated in section 3663.")

Factual determinations regarding a restitution order must be supported by a preponderance of the evidence. 18 U.S.C. § 3664(e); *In re Her Majesty the Queen in Right of Canada*, 785 F.3d 1273, 1276 (9th Cir. 2015) (citation omitted). "The burden of demonstrating the amount of the loss sustained by … victim[s] as a result of the offense shall be on the attorney for the Government." 18 U.S.C. § 3664(e).

## II. Discussion

Of the over 120 individual patient victims, approximately 20 are detailed in the United States' restitution memoranda. Docs. 41 at 4-8, 51 at 6-13. Of those, the Unites States requests that only the 13 who have submitted requests for restitution in a specified amount be compensated. Doc. 51 at 6. Of those 13, only six have submitted evidence sufficient to support an order of restitution. The amount sought in restitution on behalf of those six patient victims is $7,536.98. Doc. 51 at 13.

The United States also seeks restitution on behalf of nine insurance company victims. Each of those claims is detailed and supported by documentation. The amount sought in restitution for those nine insurance company victims is $59,262.94. Doc. 51 at 13.

The total amount of documented injury to the individual and insurance company victims is $66,799.92. *See* Doc. 51 at 13. Defendant Singh does not oppose the Court's imposition of a restitution award in that amount. Imposition of the $66,799.92 figure outlined by the United States in Attachments A and B to its Amended Sentencing Memorandum, *see* Doc. 51 at 13, is supported by the evidence and the parties' agreement.

Next, the United States "requests that restitution be awarded" to a third class of victims: those individual patient victims who have submitted specific but undocumented claims for restitution. Doc 51 at 5. The Court made clear in its last order that the unsubstantiated claims were insufficient to support a restitution award. Doc 49 at 4. The United States informs the Court that prior to filing its original restitution memorandum it had sent three rounds of requests for Victim Impact Statements. Doc. 51 at 2-3. The victims simply did not submit documentation for their injuries. In response to the Court's order for additional briefing, the United States "sent a fourth set of requests to victims for information about their claimed losses. This fourth set included[—apparently for the first time]—additional instructions to Dr. Singh's victims, detailing the type of documentation that would support an award of restitution." Doc. 51 at 3. Apparently, only two victims responded to that additional round of requests for information, neither of whom included supporting documentation. Doc. 51 at 4.

With that foundation in mind, the United States again requests that the Court award restitution to the victims who have not substantiated their losses. In the same breath, the United States recognizes that "one-page, conclusory victim declarations" are insufficient to establish a restitution amount by a preponderance of the evidence. Doc. 51 at 4-5 (citing *United States v. Waknine*, 543 F.3d 546, 556 (9th Cir. 2008). As the Court previously noted, it is the United States' burden to "demonstrat[e] the amount of loss sustained by [the] victims…" by a preponderance of the evidence. Doc. 40 at 4 (citing 18 U.S.C. § 3664(e)). However, the United States cannot force victims to submit evidence to substantiate their losses. 18 U.S.C. §

3

1  3664(g)(1) ("No victim shall be required to participate in any phase of a restitution order.") As a
2  result, the United States appears to believe that its investigation has obtained all of the
3  information that it can obtain. Despite the United States additional effort to substantiate victim
4  losses, the fruit of its investigation remains insufficient to support the requested victim restitution
5  now set forth in Attachment C to its amended sentencing memorandum. Because of that lack of
6  evidence to substantiate the injuries to the victims the Court cannot award restitution to the
7  patient victims named in Attachment C to the United States' Amended Restitution
8  Memorandum. Doc. 51 at 11-12.
9       Finally, the Court has considered Defendant's ability to pay. Based on that ability and the
10 amount of restitution to be imposed, the Court will order the restitution amount payable
11 immediately.
12 ///
13 ///
14 ///

### III. Order

Based on the foregoing, IT IS HEREBY ORDERED THAT:

1. Restitution is AWARDED in the total amount of $66,799.92 as follows:
   a. The individual patient victims named in Attachment A to the United States Amended Restitution Memorandum, Doc. 54 at 6-7, are awarded $7,536.98, to be paid immediately. The Court Clerk is to distribute those funds as set forth in Attachment A to the United States' Amended Restitution Memorandum;
   b. The insurer victims named in Attachment D to the United States' Amended Restitution Memorandum, Doc. 54 at 13, are awarded $59,262.94, to be paid immediately. The Court Clerk is to distribute those funds as set forth in Attachment D to the United States' Amended Restitution Memorandum;
2. The United States Attorney's Office is DIRECTED to coordinate with the Court Clerk's Office to ensure appropriate distribution of restitution.

IT IS SO ORDERED.

Dated:   July 26, 2016                    _____
                                          SENIOR DISTRICT JUDGE